UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FREDERICK BURTON, <br><br> Plaintiff, <br><br> v. <br><br> ST. JOSEPH COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-1037-RLM-MGG |

OPINION AND ORDER

Frederick Burton, a prisoner without a lawyer, filed a complaint against Ms. Lynn Beacon, Warden Julie Lawson, and Aramark. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Burton sues Ms. Lynn Beacon because he believes the care he received for his diabetes was inadequate. Mr. Burton alleges that a member of the medical staff deliberately withheld his insulin for two weeks. He also alleges that a medical staff member administered the wrong insulin on January 2, 2019. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy

both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Mr. Burton hasn't alleged facts from which it can be inferred that the alleged conduct was deliberately indifferent to his serious medical needs. He describes medical errors, but negligence – even gross negligence – doesn't violate the Constitution. Lee v. Young, 533 F.3d 505, 509 (7th Cir. 2008). Furthermore, Mr. Burton doesn't allege that Ms. Beacon caused his insulin to be withheld or that she caused the wrong insulin to be administered. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Ms. Beacon can't be held liable simply because she oversees other medical staff. *See* Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir.

2007). This complaint doesn't state a claim against Ms. Beacon upon which relief could be granted.

Mr. Burton also sues Aramark. He alleges that Aramark, the private company that provides meals at the jail, serves inmates a juice product containing aspartame even though the dangers of aspartame are well-known. Mr. Burton believes that the aspartame in the juice caused him to suffer from headaches, ringing in the ears, and dizziness. He has stopped drinking the juice, and some of his symptoms have resolved. Mr. Burton doesn't say he was required to consume the juice product containing aspartame. In fact, it appears that he was free to not consume it; he indicated that he has stopped drinking it and his symptoms have improved. While a private company may be held liable for constitutional violations when it performs a state function, West v. Atkins, 487 U.S. 42 (1988), Mr. Burton hasn't alleged a constitutional violation. Offering inmates beverages containing aspartame, a product that is included in many food products sold in the United States, doesn't violate the Constitution. Hunter v. Yates, No. 1:07-CV-00151-AWI-SMS-PC, 2009 WL 233791, at *3 (E.D. Cal. Jan. 30, 2009), *report and recommendation adopted*, No. 1:07-CV-00151-AWI-SMS-PC, 2009 WL 1035358 (E.D. Cal. Apr. 17, 2009)("Plaintiff's allegation that beverages served at PVSP contain artificial sweeteners does not come close to stating an Eighth Amendment violation.") Mr. Burton hasn't stated a claim upon which relief could be granted against Aramark.

Lastly, Mr. Burton sues Warden Julie Lawson, alleging that she hasn't handled his grievances properly. Mr. Burton has no constitutional right to access

3

the grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Mr. Burton hasn't alleged that Warden Lawson was personally involved in denying him insulin, having the wrong insulin administered, or serving him beverages containing aspartame. Mr. Burton might think that she is responsible for these wrongs because she is the warden, section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Mr. Burton hasn't stated a claim upon which relief can be granted against Warden Lawson.

While this complaint does not state a claim, the court will give Mr. Burton a chance to replead his claims. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). If he chooses to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible. If he includes more than one claim, he needs to explain how his claims are related to one another. He must include all of the facts and exhibits he wishes the court to consider. The complaint cannot be amended or supplemented by interlineation. N.D. Ind. L.R. 15-1.

Lastly, Mr. Burton sent letters to the court asking when the defendants were served with process and requesting a settlement conference. (ECF 15, 16.) No defendant will be served until the court has screened the amended complaint

4

and granted Mr. Burton leave to proceed on one or more claims. While a settlement conference might be appropriate at a later time, Mr. Burton's request is premature at this juncture.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and sent it to Frederick Burton; and

(2) GRANTS Frederick Burton to and including **May 20, 2019**, to file an amended complaint.

If Mr. Burton doesn't respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 1, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
