UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FREDERICK BURTON, <br><br> Plaintiff, <br><br> v. <br><br> ST. JOSEPH COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO.: 3:18-CV-1037-RLM-MGG |

OPINION AND ORDER

Frederick Burton, a prisoner without a lawyer, filed a complaint against the St. Joseph County Jail, Nurse Lynn, Nurse Chris, and Aramark. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Burton has sued the St. Joseph County Jail. Though the jail is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. 1983. Mr. Burton can't state a claim upon which relief can be granted against the St. Joseph County Jail.

Mr. Burton sues Nurse Lynn because he didn't receive his insulin for two weeks. Mr. Burton filed two grievances hen he didn't get his insulin. Nurse Lynn responded to one grievance indicating that the insulin had been ordered. A different nurse responded to the other grievance and she, too, indicated that the insulin had been ordered, but she indicated that it was ordered on a different date than that given by Nurse Lynn. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Mr. Burton hasn't alleged facts from which it can be inferred that Nurse Lynn was deliberately indifferent to his serious medical needs. He describes medical errors, but negligence – even gross negligence – doesn't violate the Constitution. Lee v. Young, 533 F.3d 505, 509

(7th Cir. 2008). This complaint doesn't state a claim upon which relief can be granted against Nurse Lynn.

Mr. Burton alleges that Nurse Christen administered the wrong insulin on one occasion. This, too, describes a medical error, not deliberate indifference. The complaint doesn't state a claim upon which relief can be granted against Nurse Christen.

Mr. Burton sues Aramark, alleging that Aramark, the private company that provides meals at the jail, serves inmates a juice product containing aspartame without explaining the side effects of drinking beverages containing aspartame. Mr. Burton believes that the aspartame in the juice caused him to suffer from headaches and ringing in the ears. A private company can be held liable for constitutional violations when it performs a state function, West v. Atkins, 487 U.S. 42 (1988), but Mr. Burton hasn't alleged a constitutional violation. Offering inmates beverages containing aspartame, a product found in many food products sold in the United States, doesn't violate the Constitution. Hunter v. Yates, No. 1:07-CV-00151-AWI-SMS-PC, 2009 WL 233791, at *3 (E.D. Cal. Jan. 30, 2009), *report and recommendation adopted*, No. 1:07-CV-00151-AWI-SMS-PC, 2009 WL 1035358 (E.D. Cal. Apr. 17, 2009) ("Plaintiff's allegation that beverages served at PVSP contain artificial sweeteners does not come close to stating an Eighth Amendment violation.") Mr. Burton doesn't state a claim upon which relief can be granted against Aramark.

For these reasons, the case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 28, 2019

                                                     s/ Robert L. Miller, Jr.
                                                   JUDGE
                                                   UNITED STATES DISTRICT COURT